

NUMBER 13-13-00089-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE MAXIMO ESPINOZA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 430th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Jorge Maximo Espinoza appeals his conviction for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West, Westlaw through 2013 3d C.S.). Appellant argues the trial court violated his Sixth

Amendment right to confront his accuser by allowing the complainant to testify through closed-circuit television (CCTV). We affirm the trial court's judgment.

## I. BACKGROUND

The State alleged in the indictment that appellant sexually abused A.S.[1] the minor complainant in this case, over a period, "that was 30 or more days in duration, to-wit: from on or about the 11th day of November, 2008 to on or about the 15th day of November, 2011."

At trial, the State attempted to have A.S. testify in open court with appellant present. The trial court summarized his observation of how the child reacted:

> She testified in front of me [the trial court]. She testified in front of me and I saw her, and she was two feet away from me, totally traumatized, couldn't answer any questions, was covering her face, and did not want to see the defendant, told the interpreter that she was afraid of the defendant. Based upon that—based upon those findings that I'm making at this time, that's when the Court made the decision that there was an adequate showing of necessity [for the physical separation of the child from the defendant].

During the child's testimony, she expressed fear of speaking; after she was asked if she feared appellant, she covered her face with a paper; and generally became emotional. However, the record itself indicates the child never specifically said she feared appellant. After the trial court permitted the child to testify via CCTV, the State prosecutor indicated that the child told the court that appellant's presence caused her to become unable to testify.[2] Appellant objected on *Crawford v. Washington* grounds when the State

---

[1] We will use the initials of the complainant to protect her privacy. *See* TEX. CODE CRIM. PROC. ANN. art. 57.02(b) (West, Westlaw through 2013 3d C.S.).

[2] The prosecutor stated that the witness, "voiced her fear with regard to testifying in this location in front of the appellant, through the interpreter." The child's actual statement does not appear in the Reporter's Record.

proposed that the complainant testify via CCTV. *See* 541 U.S. 36, 38 (2004) (discussing a defendant's Sixth Amendment right of confrontation). After hearing argument from both sides, the court determined, given the child's reaction, the child sufficiently feared the appellant to be unavailable to testify. *See* TEX. CODE CRIM. PROC. ANN., art. 38.071, § 4 (West, Westlaw through 2013 3d C.S.). The trial court then applied the test formulated in *Maryland v. Craig*, 497 U.S. 836, 850 (1990), for determining whether a child witness may testify via CCTV, overruled appellant's objections, and decided to remove the child from the physical presence of the appellant and allow her to testify via CCTV.

On the following day, the witness testified in a separate room in the judge's chambers with the attorneys for the State and defense present while appellant and the jury watched over CCTV. Appellant's counsel's subsequent cross-examination of the complainant fills sixty-one pages of the reporter's record.

## II. DISCUSSION

By one issue, appellant asserts that the trial court's decision to allow the witness to testify via CCTV violated his rights under the Confrontation Clause of the Sixth Amendment. U.S. CONST. amend. VI.

### A. Standard of Review and Applicable Law

On appeal we do not perform our own factual review, but decide whether the record supports the trial judge's fact findings. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc) (citing *Self v. State*, 709 S.W.2d 662 (Tex. Crim. App.1986)); *Johnson v. State*, 698 S.W.2d 154, 159 (Tex. Crim. App. 1985). Moreover, appellate courts should afford almost total deference to the trial court's rulings on mixed questions

3

of law and fact if the resolution of those question turns on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc); *Villarreal v. State*, 935 S.W.2d 134, 139–139 (Tex. Crim. App. 1996) (en banc).

The Confrontation Clause of the Sixth Amendment guarantees that: "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Texas Constitution provides an almost identical provision. *See* TEX. CONST. art. III, § 10. The United States Supreme Court has reaffirmed the right of a defendant to a face-to-face confrontation with the witnesses who appear before the trier of fact. *See Coy v. Iowa*, 487 U.S. 1012, 1019 (1988). However, the United States Supreme Court has also held, "if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant." *Craig*, 497 U.S. at 855.

Following the *Craig* decision, the Texas Court of Criminal Appeals determined that a child could testify via CCTV in some circumstances in order to protect the welfare of the child. *Gonzales v. State*, 818 S.W.2d 756, 764–65 (Tex. Crim. App. 1991) (citing *Craig*, 497 U.S. at 854). The *Craig* Court created a three-part test for justifying the use of CCTV: (1) whether the welfare of the particular child witness necessitates use of the one-way closed-circuit procedure; (2) whether the child witness "would be traumatized, not by the courtroom generally", but by the presence of the appellant; and (3) whether "the emotional distress suffered by the child witness in the presence of the appellant is more than *de*

4

*minimis*, i.e., more than mere nervousness or excitement or some reluctance to testify."
*Id.* at 758 (citing *Craig*, 497 U.S. at 854); *see* TEX. CODE CRIM. PROC. art. 38.071, § 4
(West, Westlaw through 2013 3d C.S.). The trial court itself can make determinations of
necessity based on observing the witness. *Belt v. State*, 227 S.W.3d 339, 343 (Tex.
App.—Texarkana 2007, no pet.); *Mitchell v. State*, 238 S.W.3d 405, 412 (Tex. App.—
Houston [1st Dist.] 2006, pet. ref'd). The decision exists within the broad discretion of the
trial court, and great deference should be given by the appellate court to the trial court's
decision. *Belt*, 227 S.W.3d at 342 (citing *Marx v. State*, 987 S.W.2d 577, 583 (Tex. Crim.
App. 1999) (en banc)).

### B. Analysis

In *Crawford*, decided after *Craig*, the United States Supreme Court "reiterated the
categorical right of confrontation that it had set out in *Coy*." *Coronado v. State*, 351
S.W.3d 315, 322 (Tex. Crim. App. 2011) (citing *Crawford,* 541 U.S. at 69–72). The Court
explained that "where testimonial statements are at issue, the only indicium of reliability
sufficient to satisfy constitutional demands is the one the Constitution actually prescribes:
confrontation." *Id*. at 322, (citing *Crawford*, 541 U.S. at 68–69). Many courts have
interpreted *Crawford* as prohibiting use of pre-taped statements of child complainants
who do not testify because the appellant did not have an opportunity to cross-examine
the witness. *Id.* at 321 & n.52. Here, the jury did not hear pre-tapped statement by
complainant, but a real-time examination by the State followed by a lengthy cross
examination by appellant's counsel. "The Supreme Court has never overturned the
holding in *Craig*, but, beginning with *Crawford v. Washington*, the Supreme Court has

nibbled it into Swiss cheese by repeating the categorical nature of the right to confrontation in every one of its more recent cases." *Coronado* 351 S.W.3d at 321. However, appellant does not argue on appeal that *Crawford* prohibits testifying by CCTV but instead only that the conditions laid down in *Craig* were not met. Accordingly, we will address appellant's issue as he frames it: on the basis of the *Craig* test.

Appellant hinges his case on the argument that the State must show that the record reflects that the child complainant specifically stated that appellant's presence traumatized her. Absent a clear statement on the record, appellant argues the State must bring in an expert to determine whether or not the child would be sufficiently traumatized by the appellant's presence. The State responds that the trial court did not abuse its discretion when it declared the child victim unavailable and allowed her to testify via CCTV. The State argues that the trial court's observation of the child's emotionally-charged behavior supports its decision. Applying the three-part test set out in *Craig*, we agree with the State.

Regarding the first part of the test, we conclude that the trial court used the one-way closed-circuit procedure through necessity to protect the welfare of the child witness because appellant's presence emotionally affected the witness. *See Craig*, 497 U.S. at 855–56; *Marx*, 987 S.W.2d at 580; *Gonzales*, 818 S.W.2d at 764–65. Regarding the second part of the test, we conclude that the trial court also acted within its discretion because the record supports that the child would have been traumatized and emotionally affected by testifying in the presence of appellant and not only by the experience of testifying in court in general, because she visibly shook, hid her face from appellant, and

6

generally acted emotionally. *See Craig*, 497 U.S. at 855–56. Appellant argues that this second prong is not satisfied unless the child witness specifically says on the record that the appellant's presence would harm her, or expert testimony states that testifying would traumatize the witness. However, *Craig* does not require the witness must affirmatively say that she cannot testify or that an expert must state the child would be traumatized, and we find no authority supporting such a conclusion. We therefore conclude that the trial court acted within its discretion by allowing the child witness to testify through CCTV because the trial court properly found that appellant's presence in particular affected her. *See Craig*, 497 U.S. at 855–56. Regarding the third part of the test, we conclude that the child witness exhibited more than mere nervousness or reluctance to testify. She hid her face from appellant, and the prosecution told the trial court without objection that the child told the interpreter that she feared appellant. Based on her conduct, the trial court rightly concluded appellant's presence, and not the experience of testifying itself, prompted her to fear appellant and become unable to testify. *See id.*; *Marx*, 987 S.W.2d at 580; *Gonzales*, 818 S.W.2d at 764–65.

After determining that the facts presented satisfy each part of this test, we conclude that the trial court did not abuse its discretion and did not violate appellant's Sixth Amendment's right to confrontation. *See Craig*, 497 U.S. at 855–56; *Gonzalez*, 818 S.W.2d at 764–65; *see also Belt*, 227 S.W.3d at 342–43; *Ficarro v. State*, No. 13-03-00439-CR, 2007 WL 1218045, at *2 (Tex. App.—Corpus Christi Apr. 26, 2007, pet. dism'd) (mem. op., not designated for publication) (finding, in a case where a child witness testified but then became unresponsive, Sixth Amendment concerns were satisfied once

7

the appellant had the opportunity to cross-examine the witness). Appellant's sole issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.